**FILED - GR**

April 26, 2011 3:21 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY __mkc__ / _____ SCANNED BY ___

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**1:11-cv-420**

**Janet T. Neff**
**U.S. District Judge**

MICHAEL CHRISTIAN,

Plaintiff,

v.

FOCUS RECEIVABLES
MANAGEMENT, LLC,

Defendant.

_____/

### Complaint

**I.     Introduction**

1.      This is an action for damages, brought against a debt collector for violating the

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, Michigan Occupational

Code ("MOC"), M.C.L. § 339.901 *et seq.* and Telephone Consumer Protection Act, 47 U.S.C. §

227 *et seq.*

**II.    Jurisdiction**

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C.

§ 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28

U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place

here.

**III.   Parties**

3.      Plaintiff Michael Christian is an adult, natural person residing in Kent County,

Michigan. Mr. Christian is a "consumer" and "person" as the terms are defined and used in the

1

FDCPA. Mr. Christian is a "consumer," "debtor" and "person" as the terms are defined and used in the MOC. Mr. Christian is a "person" as the term is defined and used in the TCPA.

      4.      Defendant Focus Receivables Management, LLC ("FRM") is a Georgia limited liability company, with offices at 1130 Northchase Parkway, Suite 150, Marietta, Georgia 30067. The registered agent for FRM in Michigan is The Corporation Company, 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025. FRM uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. FRM regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. FRM is a "debt collector" as the term is defined and used in the FDCPA. FRM is licensed (No. 2401001629) by the State of Michigan to collect debts in Michigan. FRM is a "collection agency" and "licensee" as the terms are defined and used in MOC. FRM is a "person" as the term is defined and used in the TCPA.

## IV.    Facts

      5.      Michael Christian's brother, A D Christian, purchased goods and/or services, on credit, for personal, family and household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and used in the FDCPA and MOC.

      6.      A D Christian allegedly failed to pay the debt.

      7.      A D Christian's creditor (or successor in interest) hired FRM to collect the alleged debt from A D Christian.

      8.      Alternatively, FRM purchased the account and related, alleged debt after the account allegedly became delinquent.

      9.      On or about March 24, 2011, a FRM employee telephoned a cellular telephone

2

belonging to plaintiff Michael Christian and left the following message on Michael Christian's voice mail: "This is an important message from Focus Receivables Management. The law requires we notify you that this communication is from a debt collector. This is an attempt to a debt. Any information will be used for that purpose. Return my call at 1-866-664-2513, extension 2244, regarding file number 14622981. Call back today. Thank you."

10. Michael Christian heard the message left by the FRM employee on his cellular telephone voice mail.

11. The recorded message left by the FRM employee on Michael Christian's cellular telephone voice mail was a "communication" as the term is defined and/or used in the FDCPA and MOC.

12. On or about March 25, 2011, Michael Christian telephoned FRM and spoke with a FRM employee. Michael Christian stated that FRM had left a message on Michael Christian's cellular telephone to call FRM. The FRM employee asked Michael Christian to state the telephone number at which Michael Christian had received the telephone call from FRM. Michael Christian stated his cellular telephone number to the FRM employee. The FRM employee stated that FRM was attempting to contact A D Christian regarding an important business matter. Michael Christian stated that A D Christian was his brother. Michael Christian agreed to deliver a message to A D Christian to contact FRM at 1-866-664-2513.

13. On or about March 28, 2011 at approximately 1:07 p.m., a FRM employee telephoned Michael Christian's cellular telephone and left the following message on Michael Christian's voice mail: "This is an important message from Focus Receivables Management. The law requires that we notify you that this communication is from a debt collector. This is an

3

attempt to a debt and any information will be used for that purpose. Please return our call today at 866-664-2513, extension 2217 regarding file number 14622981. Thank you."

14. On March 28, 2011, A D Christian filed a complaint against FRM in the United States District Court for the Western District of Michigan, Case No. 1:11-cv-314, alleging that FRM had violated the FDCPA and Michigan law in connection with its efforts to collect an alleged debt from A D Christian. The complaint expressly stated that FRM had wrongfully called the cellular telephone belonging to the brother of A D Christian, Michael Christian, and had wrongfully disclosed to Michael Christian that FRM was attempting to collect a debt from A D Christian.

15. On or about March 30, 2011 at approximately 2:13 p.m., a FRM employee telephoned Michael Christian's cellular telephone and left the following message on Michael Christian's voice mail: " . . . notify you that this communication is from a debt collector. This is an attempt to a debt and any information will be used for that purpose. Please return our call today at 866-664-2513, regarding file number . . . ."

16. On March 31, 2011, FRM was served with summons and complaint in Case No. 1:11-cv-314.

17. On or about March 31, 2011 at approximately 8:56 a.m., FRM telephoned Michael Christian's cellular telephone.

18. On or about March 31, 2011 at approximately 3:13 p.m., FRM telephoned Michael Christian's cellular telephone.

19. On or about April 1, 2011 at approximately 8:59 a.m., FRM telephoned Michael Christian's cellular telephone.

4

20.     On or about April 1, 2011 at approximately 10:33 a.m., FRM telephoned Michael Christian's cellular telephone.

21.     On or about April 4, 2011 at approximately 6:20 p.m., a FRM employee telephoned Michael Christian's cellular telephone and left the following message on Michael Christian's voice mail: " . . . that this communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Pl notify you that this communication is from a debt collector. This is an attempt to a debt and any information will be used for that purpose. Please return our call today at 866-664-2513, regarding file number . . . ."

22.     On or about April 8, 2011 at approximately 2:46 p.m., FRM telephoned Michael Christian's cellular telephone.

23.     On or about April 22, 2011 at approximately 1:41 p.m., an FRM employee called a land line belonging and listed to Michael Christian. The FRM employee stated that FRM was attempting to locate A D Christian to resolve a personal business matter. The FRM employee conceded that the number he had called was listed in the name of Michael Christian.

24.     FRM did not obtain the prior consent of A D Christian to communicate with Michael Christian in connection with FRM's efforts to collect the alleged debt.

25.     FRM did not obtain the prior consent of A D Christian to communicate to Michael Christian that FRM was attempting to collect a debt from A D Christian.

26.     FRM did not obtain the prior consent of A D Christian to speak with Michael Christian regarding the alleged debt.

27.     A debt collector may not communicate, in connection with the collection of a

5

debt, with any person other than the consumer, except to acquire "location information" about
the consumer. 15 U.S.C. § 1692b; 15 U.S.C. § 1692c(b).

28.     The FDCPA defines "location information" to mean "a consumer's place of abode
and his telephone number at such place, or his place of employment." 15 U.S.C. § 1692a(7).

29.     A debt collector when communicating with any person other than the consumer
for the purpose of acquiring location information about the consumer shall identify himself, state
that he is confirming or correcting location information concerning the consumer, and , only if
expressly requested, identify his employer. 15 U.S.C. § 1692b(1).

30.     FRM failed to comply with 15 U.S.C. § 1692b(1), violating the FDCPA.

31.     A debt collector when communicating with any person other than the consumer
for the purpose of acquiring location information about the consumer shall not state that such
consumer owes any debt. 15 U.S.C. § 1692b(2).

32.     FRM failed to comply with 15 U.S.C. § 1692b(2), violating the FDCPA.

33.     A debt collector when communicating with any person other than the consumer
for the purpose of acquiring location information about the consumer shall not communicate with
such person more than once unless requested to do so by such person or unless the debt collector
reasonably believes that the earlier response of such person is erroneous or incomplete and that
such person now has correct or complete location information. 15 U.S.C. § 1692b(3).

34.     FRM failed to comply with 15 U.S.C. § 1692b(3), violating the FDCPA.

35.     A debt collector when communicating with any person other than the consumer
for the purpose of acquiring location information about the consumer shall after the debt
collector knows the consumer is represented by an attorney with regard to the subject debt and

6

has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any such person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector. 15 U.S.C. § 1692b(6).

36.     FRM failed to comply with 15 U.S.C. § 1692b(6), violating the FDCPA.

37.     A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuser any person in connection with the collection of a debt. 15 U.S.C. § 1692d.

38.     FRM failed to comply with 15 U.S.C. § 1692d, violating the FDCPA

39.     A debt collector may not cause a telephone to ring or engage any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. 15 U.S.C. § 1692d(5).

40.     FRM caused Michael Christian's telephone to ring and engaged Michael Christian in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass Michael Christian, violating the FDCPA.

41.     FRM continued to telephone Michael Christian in connection with efforts to collect a debt from A D Christian, even after Michael Christian communicated to FRM that the telephone number FRM was calling belonged to Michael Christian and not A D Christian.

42.     FRM continued to telephone Michael Christian in connection with efforts to collect a debt from A D Christian, even though FRM's own records stated that the telephone number FRM was calling belonged to Michael Christian and not A D Christian.

43.     FRM continued to telephone Michael Christian in connection with efforts to collect a debt from A D Christian, even after A D Christian filed a complaint against FRM in the

7

United States District Court for the Western District of Michigan, Case No. 1:11-cv-314, alleging that FRM had violated the FDCPA and Michigan law in connection with its efforts to collect an alleged debt from A D Christian.

44.     FRM continued to telephone Michael Christian in connection with efforts to collect a debt from A D Christian, even after FRM was served with summons and complaint filed by A D Christian against FRM in the United States District Court for the Western District of Michigan, Case No. 1:11-cv-314, alleging that FRM had violated the FDCPA and Michigan law in connection with its efforts to collect an alleged debt from A D Christian.

45.     FRM continued to telephone Michael Christian in connection with efforts to collect a debt from A D Christian, even after FRM was served with summons and complaint filed by A D Christian against FRM in the United States District Court for the Western District of Michigan, Case No. 1:11-cv-314, alleging that FRM had wrongfully called the cellular telephone belonging to the brother of A D Christian, Michael Christian, and had wrongfully disclosed to Michael Christian that FRM was attempting to collect a debt from A D Christian.

46.     FRM continued to telephone Michael Christian in connection with efforts to collect a debt from A D Christian, even after FRM was served with summons and complaint filed by A D Christian against FRM in the United States District Court for the Western District of Michigan, Case No. 1:11-cv-314, giving FRM actual knowledge that A D Christian was represented by an attorney with regard to the debt as well as the attorney's name and address.

47.     FRM used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) to make the described calls to Michael Christian's cellular telephone.

48.     FRM used an "artificial or prerecorded voice" to make the described calls to

8

Michael Christian's cellular telephone.

49.     No call made by FRM to Michael Christian's cellular telephone was made for "emergency purposes" as the phrase is used in the TCPA, 47 U.S.C. § 227(b)(1)(A).

50.     FRM did not obtain Michael Christian's "prior express consent" as the phrase is used in the TCPA, 47 U.S.C. § 227(b)(1)(A) to make a call to Michael Christian's cellular telephone.

51.     FRM did not have an "established business relationship" with Michael Christian within the meaning of 47 U.S.C. § 227(a)(4) when FRM made the described calls to Michael Christian's cellular telephone.

52.     FRM is not a "tax exempt nonprofit organization" within the meaning of 47 U.S.C. § 227(a)(4).

53.     Michael Christian did not provide his cellular telephone number to FRM.

54.     Michael Christian did not provide his cellular telephone number to A D Christian's creditor.

55.     Michael Christian did not provide his cellular telephone number to the entity on whose behalf FRM was attempting to collect a debt from A D Christian.

56.     FRM scripted and intended that its employees speak the words that were spoke by the FRM employees when leaving the above-described messages on Michael Christian's cellular telephone voice mail in connection with efforts to collect a debt from A D Christian.

57.     The FRM employees unlawfully instructed Michael Christian to deliver a message to A D Christian.

58.     FRM and its employees communicated with Michael Christian for a purpose other

than to acquire location information regarding A D Christian. Specifically, FRM and its employees wrongfully turned Michael Christian into a *de facto* debt collector for FRM by causing Michael Christian to deliver messages to A D Christian in an effort to collect a debt, and violated 15 U.S.C. § 1692b and 15 U.S.C. § 1692c(b).

59.     Each FRM employee who spoke by telephone with Michael Christian failed to state that the purpose of the communication with Michael Christian was to acquire, confirm and/or correct location information about A D Christian.

60.     Each FRM employee who left a message on Michael Christian's cellular telephone voice mail intended to speak the words the employee spoke.

61.     Each FRM employee who spoke with Michael Christian intended to speak the words the employee spoke.

62.     FRM and its employees intentionally and wilfully violated the FDCPA, MOC and TCPA.

63.     FRM and its employees, as a business practice, chose to repeatedly flout and violate the FDCPA and other laws, harming consumers, and disadvantaging competing debt collectors who have chosen to abide by the FDCPA and other laws.

64.     As an actual and proximate result of the acts and omissions of defendant and its employees, plaintiff has suffered actual damages and injury, including but not limited to, fear, embarrassment, stress, mental anguish, emotional stress, and suffering for which he should be compensated in an amount to be established by jury and at trial.

10

## V.    Claims for Relief

### Count 1– Fair Debt Collection Practices Act

65.    Plaintiff incorporates the foregoing paragraphs by reference.

66.    Defendant has violated the FDCPA. Defendant's violations of the FDCPA

include, but are not necessarily limited to, the following:

a)    Defendant violated 15 U.S.C. § 1692b;

b)    Defendant violated 15 U.S.C. § 1692c;

c)    Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

d)    Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt; and

e)    Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt.

**Wherefore,** plaintiff seeks judgment against defendant for:

a)    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b)    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d)    Such further relief as the court deems just and proper.

### Count 2 – Michigan Occupational Code

67.    Plaintiff incorporates the foregoing paragraphs by reference.

68.     Defendant has violated the MOC.  Defendant's violations of the MOC include, but are not necessarily limited to, the following:

a)     Defendant violated M.C.L. § 339.915(e) by concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt;

b)     Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

c)     Defendant violated M.C.L. § 339.915(h) by communicating with a debtor actively represented by an attorney;

d)     Defendant violated M.C.L. § 339.915(m) by bringing to public notice that a consumer is a debtor;

e)     Defendant violated M.C.L. § 339.915(n) by using a harassing, oppressive and abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly or continuously;

f)     Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee; and

g)     Defendant violated M.C.L. § 339.919.

**Wherefore,** plaintiff seeks judgment against defendant for:

a)     Actual damages pursuant to M.C.L. § 339.916(2);

b)     Treble the actual damages pursuant to M.C.L. § 339.916(2);

c)     Statutory damages pursuant to M.C.L. § 339.916(2); and

d)     Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

## Count 3 – Telephone Consumer Protection Act

69.     Plaintiff incorporates the foregoing paragraphs by reference.

70.     Defendant has violated the TCPA. Defendant's violations of the TCPA include,

but are not necessarily limited to, the following:

a)      Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

**Wherefore,** plaintiff seeks judgment against defendant for:

a)      Actual damages or $500.00 for each violation, whichever is greater, pursuant to

47 U.S.C. § 227(b)(3)(B); and

b)      Treble actual damages or $1,500.00 for each violation, whichever is greater,

pursuant to 47 U.S.C. § 227(b)(3)(C).

## Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: April 26, 2011

Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com

13